IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STEVEN GWIAZDA,

                    Petitioner,

        v.                                                OPINION AND ORDER

WARDEN NEWMAN,                                            25-cv-553-wmc

                    Respondent.

Petitioner Steven Gwiazda is an inmate incarcerated by the United States Bureau of Prisons at the Allenwood Medium Federal Correctional Institution in White Deer, Pennsylvania ("FCI-Allenwood").  Representing himself, Gwiazda has filed a federal writ of habeas corpus under 28 U.S.C. § 2241, to challenge his exclusion from a rehabilitative program that has allegedly affected the length of his incarceration.  (Dkt. #1.)  After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, which also applies to petitions under § 2241, the court will dismiss this action without prejudice for the reasons explained below.

OPINION

Petitioner Steven Gwiazda is currently incarcerated as the result of a federal conviction for possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)((A).  *United States v. Gwiazda*, No. 18-cr-66-wmc (W.D. Wis. Dec. 18, 2018).  He received a sentence of 132 month's

imprisonment, followed by a five-year term of supervision. (*Id*.) His projected release date is May 10, 2027.

While incarcerated at the McKean Federal Correctional Institution in Bradford, Pennsylvania ("FCI-McKean"), Gwiazda filed a federal habeas corpus petition under 28 U.S.C. § 2241, alleging that prison officials at this facility had denied him entry to the "MAT (Medication Assisted Treatment) program despite [his] extensive history of drug abuse, leading to increased trouble and deteriorating health." (Dkt. #1, at 2.) Gwiazda alleges that, by denying him placement in the MAT program, his struggles with drug addiction have resulted in three conduct reports, causing him to lose good-time credit. (*Id*. at 7.) Gwiazda claims further that, by denying him MAT placement, prison officials have wrongfully extended his "carceral sentence" and punished him for his struggles with drug addiction. (*Id*.)

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). However, venue for a § 2241 petition is only appropriate in the petitioner's district of confinement. *See Kholyavskiy v. Achim*, 443 F.3d 946, 951 (7th Cir. 2006) ("We [have] interpreted 28 U.S.C. § 2241, which gives district courts the power to grant writs of habeas corpus 'within their jurisdictions,' to mean that the only proper venue . . . is the federal district in which the petitioner is detained."). Because Gwiazda is incarcerated in Pennsylvania, his § 2241 petition was not properly filed in the Western District of Wisconsin, despite his conviction and sentence being imposed

here. *See Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (explaining that whereas § 2255 motions must proceed in the jurisdiction of conviction, a § 2241 petition can be brought only in the district of incarceration).

The federal habeas corpus statutes provide that a district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). The court declines to transfer this case, however, because the petition appears to be without merit. Unfortunately, inmates have no constitutional right to a particular custody classification or to participate in rehabilitative programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (rejecting claim by federal prisoner that "prisoner classification and eligibility for rehabilitative programs" invoked due process protections); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) ("participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee"). Because petitioner's claim does not suggest a violation of his constitutional rights, it's not a valid basis for habeas relief.[1] Therefore, a transfer would not further the interest of justice, and this case will instead be dismissed without prejudice to refiling in the event petitioner wishes to pursue his claims in the proper venue.

---

[1] Likewise, to the extent that petitioner complains about the conditions of his confinement, civil rights claims may not be considered under the federal habeas corpus statutes. *See Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (noting the different procedural requirements and consequences of civil rights actions and habeas corpus statutes as reasons for refusing to convert action).

ORDER

IT IS ORDERED that:

1.  The federal habeas corpus petition filed by Steven Gwiazda (dkt. #1) is DISMISSED without prejudice.

2.  The clerk of court shall enter judgment and close this case.

Entered on this 19th day of March, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge